FRED DOHRMANN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25234. Promulgated November 9, 1929.

*Homer H. Tooley, Esq.*, for the petitioner.
*A. J. Tall, Esq.*, for the respondent.

**OPINION.**

LITTLETON: The question is whether a personal charitable contribution to the individual object of charity is an allowable deduction under section 214 (a) (11), Revenue Act of 1921. That section provides as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

    a          *          *          *          *          *          *

(11) Contributions or gifts made within the taxable year to or for the use of: (A) The United States, any State, Territory, or any political subdivision thereof, or the District of Columbia, for exclusively public purposes; (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the women's auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earn-

ings of which inures to the benefit of any private stockholder or individual; or (C) the special fund for vocational rehabilitation authorized by section 7 of the Vocational Rehabilitation Act; to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this paragraph.

Prior to the Act of 1921 it was necessary that charitable contributions be made to a corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, in order to be allowable as a deduction. The Act of 1921 enlarged this by the addition of the words " for the use of," and by adding to corporations, "community chest, fund, or foundation," but there is no mention of deductions allowable for contributions to individuals for charity or any other purpose. Had Congress so intended it would have been easy to have added the word "individuals " or " persons." The statute requires that such contributions be made to some form of organized charity, while here the contributions of petitioner, although commendable, represented only the benevolence of one individual to others.

The case of *Frank E. Wall*, 4 B. T. A. 915, cited and relied upon by petitioner does not sustain his position as in that case the contribution was to the Elks' Christmas Charity Fund, which is a regularly organized fund maintained by Elk lodges for the benefit of poor children. Other cases decided by the Board under the Act of 1921 are *Elsie B. Lord*, 9 B. T. A. 807, in which contributions to the Home of Truth, a religious institution, were held allowable deductions.

*Adam Ortseifen*, 14 B. T. A. 1403, was a case in which the taxpayer sought a number of deductions among which was one of $500 to Bishop Geo. Hilprich Dondekan, of Limburg, Germany, to be used for such purposes of charity as he (Dondekan) saw fit. Dondekan was at that time in charge of the distribution of charities among the poor and destitute in his locality for certain societies. The Board said:

With respect to the contribution forwarded to Bishop Dondekan, the evidence fails to show whether these societies for which Dondekan was acting were within the classes designated by the statute, nor does the evidence show that the contribution was to a community chest, fund or foundation. In the absence of such evidence, we can not hold that the action of the respondent in disallowing the contribution is erroneous.

In *John R. Sibley et al.*, 16 B. T. A. 915, the Board had before it the question of the deduction of contributions to a charitable corporation and considered section 231 (6), relating to the income of charitable organizations and section 214 (a) (11), relating to contributions to such organizations. The Board there said:

The essential requirements in both sections are the same. The purpose must be one of those named, viz., religious, charitable, scientific, literary, or educational. The corporation or other entity must be organized and operated exclusively for that purpose and no part of its net earnings shall inure to the benefit of any private stockholder or individual.

Meeting these requirements the corporation is not taxable on its income and contributions to it by an individual taxpayer are deductible in the computation of his net income, subject to a percentage limitation.

In *H. H. Bowman et al.*, 16 B. T. A. 1157, we allow a deduction for contributions to a fund established by the taxpayer and placed in the control of a trust company, as trustee, for charitable distribution. The deed of trust, however, expressly provided that the beneficiaries should be corporations or associations organized and operated exclusively for religious, charitable, scientific, or educational purposes, no part of the net earnings of which inures to the benefit of any private stockholder or individual.

In order to be entitled to the deduction allowed by the Act, petitioner must bring himself strictly within its terms. Section 214 (a) (11) provides that the deduction shall not exceed 15 per cent of taxpayer's income calculated without the benefit of that section. There is no showing here what the petitioner's net income was, nor as to the amount of other deductions claimed under said section. *Henry Wilson*, 16 B. T. A. 1280. See also the case of *Bok* v. *McCaughn*, decided by the United States District Court for the Eastern District of Pennsylvania in September, 1929 (not yet reported) in which it was held that in order to be deductible as a charitable gift, the immediate donee must be a corporation, community chest, a community fund, or a community foundation.

*Judgment will be entered for the respondent.*