Earl M. COPLON and Mollie M. Coplon, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13959.

United States Court of Appeals
Sixth Circuit.

April 25, 1960.

Roger K. Powell, Columbus, Ohio (Roger K. Powell, Columbus, Ohio, on the brief), for petitioners.

Sharon L. King, Washington, D. C. (Charles K. Rice, Lee A. Jackson, Robert N. Anderson and Sharon L. King, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before THORNTON, BOYD and O'SULLIVAN, District Judges.

PER CURIAM.

Petitioners, husband and wife, deducted on their 1954 joint income tax return the sum of $4,755.61, claiming that such expenditures were "ordinary and necessary expenses paid or incurred during the taxable year" in carrying on the trade or business of Earl Coplon. The Commissioner of Internal Revenue disallowed the claimed deduction, asserting that the expenditures were not deductible under the provisions of Section 162 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162. The Tax Court affirmed the Commissioner, concluding that, "Earl Coplon had not carried his burden of showing that the claimed business expenses were, in fact, his own."

Earl Coplon was employed during 1954, and for a number of years prior to that time, by the Shoe Corporation of America as a Vice President and retail sales supervisor. He was the supervisor of a territory including parts of six midwestern states. He had sixteen district managers and eighty-one stores and store managers under his supervision. He received a salary of $15,700 from his employer corporation and, in addition thereto, received a percentage of the profits earned by all of the retail stores under his supervision. His share of the profits for the tax year in question amounted to $41,987.42, over and above his salary. In that year, he was reimbursed by the Shoe Corporation in the sum of $2,200 for various expenses incurred by him in carrying on his duties. The expense items in question represented, as testified to by petitioner Coplon, disbursements made by him in entertaining and providing gifts for various district managers and store managers and their families. He said that these disbursements were made to maintain the good will of

the store managers, and were conducive to a better relationship between these managers and himself; that profits of the entire enterprise were thereby increased. The expenses for which he was reimbursed by the company were prorated and charged against the various stores within his territory. Earl Coplon testified that one of the reasons for not seeking reimbursement of the items making up the deduction in question was the fact that had he done so, it would not have encouraged the store managers to keep their costs down nor built up good will on their part.

On substantial evidence, the Tax Court found as a fact that Earl Coplon could have been reimbursed by his employer corporation for the items deducted, and that these items were, in fact, expenses of the corporation; that they were not necessary expenses of the taxpayer in carrying on his business as Vice President and supervisor for his employer.

The Tax Court filed a memorandum opinion with its Findings of Fact. The opinion adequately discusses the authorities relied upon by the Tax Court. It principally relied upon its finding that the expenses incurred by Earl Coplon were expenses of the corporation for which he could have been reimbursed by his employer. Its opinion cites the case of Levy v. Commissioner, 5 Cir., 212 F.2d 552, 554, for the proposition that,

> " * * * it is well settled that expenses for which there exists a right of reimbursement are not ordinary and necessary business expenses within the meaning of Section 23(a) (1) * * * " (Sec. 23(a) (1) referred to in Levy v. Commissioner, was the predecessor of Sec. 162, I.R.C.1954).

The Tax Court placed principal reliance upon the fact that Earl Coplon could have been reimbursed for these expenses, and that he gave no adequate reason as to why he did not ask reimbursement for these particular items. Relying upon Podems v. Commissioner, 24 T.C. 21, the Tax Court said, "Simply by failing to seek reimbursement, Earl (Coplon)

cannot convert business expenses of the corporation into his own business expenses." The Tax Court found that the petitioners failed to carry their burden of showing that the claimed expenses were deductible, within the mentioned section of the statute. There was adequate evidence upon which the Tax Court could make its Findings of Fact, and we find no reason to disagree with the conclusion it drew therefrom.

The decision of the Tax Court is affirmed.