Samuel F. PATTERSON, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 24113.

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1971.

Samuel F. Patterson (argued), in pro. per.

Brobeck, Phleger & Harrison, San Francisco, Cal., for appellant.

William Massar (argued), Atty. Tax Div., Johnnie N. Walters, Asst. Atty. Gen., Richard M. Hahn, Acting Chief Counsel, Washington, D. C., for appellee.

Thomas Silk, for American Ass'n of University Professors, San Francisco, Cal., amicus curiae.

Before CHAMBERS, HAMLEY and HAMLIN, Circuit Judges.

PER CURIAM:

This is an appeal from a Tax Court decision in a proceeding for redetermination of a tax deficiency.

The taxpayer, Samuel F. Patterson, is an elementary school teacher in Los Angeles, California. In his federal income tax return for 1963, he deducted, as ordinary and necessary business expenses, amounts assertedly incurred (1) in doing research toward a doctoral degree in education, and (2) in equipping and operating a special room at his school to provide students with supplemental learning experiences. The deductions were disallowed by the Commissioner of Internal Revenue and he was assessed a deficiency in the amount of $510.97 for 1963.

Patterson, appearing in propria persona, petitioned the Tax Court for a redetermination of the deficiency. In its decision the Tax Court upheld the Commissioner's disallowance of taxpayer's claimed business expense deductions on two grounds. One ground was that expenditures of the kind described are, as a matter of law, not deductible. The other ground was that Patterson failed to substantiate the amounts of the claimed expenditures. Patterson, again proceeding in propria persona, appealed to this court.

In view of certain concessions made by the United States on this appeal, there is reason to believe the Tax Court holding that the expenditures were not deductible as a matter of law, may be erroneous. The taxpayer now states that he has receipts and other documents to substantiate his claimed expenditure and that he withheld them from the Tax Court on the mistaken belief that the Commissioner already had sufficient information which the Commissioner should have produced in the Tax Court.

In view of the described circumstances we think it appropriate to remand these proceedings to the Tax Court for further consideration of the pertinent issues. We suggest that taxpayer be granted leave to produce, in the Tax Court, acceptable evidence that he made the claimed expenditures, supplementing the presently inadequate proof.

Reversed and remanded for further proceedings consistent with this opinion.