Dana W. BROWN, Appellant,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Appellee.

No. 20638.

United States Court of Appeals,
Eighth Circuit.

Aug. 3, 1971.

Mortimer A. Rosecan, Stanley M. Ros-
enblum, Ronald J. Raben, St. Louis,
Mo., for appellant, Rosecan & Popkin,
Rosenblum & Goldenhersh, St. Louis,
Mo., of counsel.

J. Munford Scott, Jr., Atty., Tax
Div., Johnnie M. Walters, Asst. Atty.
Gen., Meyer Rothwacks, Grant W. Wip-
rud, Attys., Tax Div., Dept. of Justice,
Washington, D. C., for appellee.

Before LAY, HEANEY and BRIGHT,
Circuit Judges.

LAY, Circuit Judge.

The fundamental issue before us is
whether certain expenses incurred by a
corporate executive may be personally

deducted as "ordinary and necessary" expenses of his employment under § 162 of the Internal Revenue Code of 1954.[1] The taxpayer appeals from an adverse finding of the Tax Court. 29 T.C. Memo. 1126 (1970).

During the taxable years of 1962, 1963 and 1964 the taxpayer, Dana Brown, was employed as president of Manhattan Coffee Co. (hereinafter Manhattan). He owned no stock in the company. As president, taxpayer was primarily responsible for the sales of Manhattan label and private label coffees. He also dealt with Manhattan's advertising agency in formulating the company's advertising program. He was compensated by a fixed annual salary which did not fluctuate with sales and he also was reimbursed for all authorized travel, transportation and entertainment expenses.

In the early 1950's the taxpayer began the practice of taking an annual two month safari to various coffee-growing countries of the world. At first the trips involved visits to coffee-growing operations to enable the taxpayer to learn more about his product; however, later the taxpayer expanded his activities into big game hunting and photography. The films which taxpayer took of the remote areas of these foreign lands were of great interest to his customers and as the years progressed taxpayer developed sound-film programs recounting the experiences of his safaris

which he showed at numerous dealer meetings. The showing would be accompanied by a lecture by the taxpayer discussing his trip and often including information about coffee growing and methods of merchandising the private label brands.[2]

In 1956 and 1957 Manhattan used some of the taxpayer's films in its TV commercials and partially reimbursed taxpayer for the expenses of these trips. However, in 1958 Manhattan was acquired by the Cain Coffee Company and the new owners displayed a different attitude toward the safaris.

Cain's primary purpose in making the acquisition was to obtain the Manhattan brand, the franchise and the market. Its interest lay mainly in promoting the Manhattan label since the profit margin on that brand was much greater than that of the private label brands. In regard to its advertising program, Cain decided to discontinue use of the safari films in its TV commercials since they did not provide a selling message concerning the quality of Manhattan coffee and mainly promoted only taxpayer's reputation as a big game hunter and coffee expert.[3] In addition, Cain refused to give taxpayer the two months paid leave which he had formerly received thus forcing him to use his annual one month paid vacation and one month of unpaid leave for his safaris.

Despite the unfavorable attitude of the company, the taxpayer continued his

1. This section allows as a deduction all of the ordinary and necessary expenses which a taxpayer pays or incurs in carrying on his trade or business.

2. The popularity of these films gained for taxpayer a national reputation as a big game hunter and coffee expert and as this reputation increased so did Manhattan's sales. By 1957 six of the eight million pounds of coffee sold each year by Manhattan were sold by the taxpayer. Of these six, four million pounds were private label coffee and two million were Manhattan label coffee. The record indicates that the safari programs were primarily helpful in the sales of private label coffee since promotion of this type of

coffee depends mainly upon the salesman's individual reputation rather than upon the name of the coffee.

3. The testimony of Cain's president is particularly relevant of the new ownership's attitude. This testimony reveals that (1) the company did not ask Brown to take these safaris; (2) his employment was in no way dependent upon whether or not he took these trips; (3) the company did not expect Brown to expend any of his own funds for advertising the company product; and (4) had the company chosen to expend $15,000 in advertising, they would have chosen the media of television, newspapers or radio instead of safari films.

trips and bore the expense himself. His use of the films at dealer meetings was known to the company, but no reimbursement was received. It is the cost of the trips made during the taxable years in question which is the subject of this deduction.

The Tax Court found that the safaris were not "purely a hobby of petitioner." Reasoning further, the court determined that since the expense was not personal and since "Manhattan would not bear any portion of petitioner's expenses," these costs could only be categorized as either "business expenses" of taxpayer's employment deductible in the year incurred or expenditures to acquire a business capital asset. The court concluded that the expenses fit into the latter category since they were "primarily to build up petitioner's personal reputation and only incidentally to increase Manhattan's sales." The claimed deductions were therefore denied since allegedly this capital asset (taxpayer's reputation) was still in the process of being acquired or developed. We affirm the judgment of the Tax Court but for a different reason.

■■ We hold simply that taxpayer's expenses do not qualify as being "necessary" to his employment under § 162. In Noland v. Commissioner of Internal Revenue, 269 F.2d 108 (4 Cir. 1959) cert. denied 361 U.S. 885, 80 S.Ct. 156, 4 L.Ed.2d 121, a stockholder-executive paid expenses which were actually expenses belonging to the corporation. In denying a deduction for these expenditures the Fourth Circuit stated:

"The business of a corporation, however, is not that of its officers, employees or stockholders. Though the individual stockholder-executive, in his own mind, may identify his interest and business with those of the corpo-

ration, they legally are distinct. * * * " 269 F.2d at 111.

In defining the "business of an employee," Noland observed that any person working for compensation is engaged in the business of earning his pay; and that any expense which is necessary to the continuance of his work becomes deductible. We find these principles apposite here.

The Tax Court held the principles of Noland v. Commissioner of Internal Revenue, supra, distinguishable apparently on the ground that in the instant case the employer (Cain) refused to recognize the safari expenses as a corporate expense. Noland additionally states that the failure of a corporate employer to reimburse a particular expense of one of its officers is prima facie evidence that the expense is personal. 269 F.2d 113. In distinguishing Noland the Tax Court found that Brown's expense was not personal and therefore concluded then that it could only be an expense of his employment which was either ordinary or capital in nature.

■ Simply because a corporation refuses to absorb an expense does not legally render it outside the traditional scope of corporate expense. The cost of advertising is a corporate burden and not one normally passed on to the individual employees.[4] The safari had been recognized by both the taxpayer and the company as instrumental in promoting the coffee products in the past. Thus categorizing this expense as "advertising" raises only the question: was it "necessary" to taxpayer's employment that he personally bear the costs of advertising? Based on the present record the answer is in the negative.

Section 162 of the Internal Revenue Code allows a deduction for all of the "ordinary and necessary" expenses in-

4. Unusual forms of advertising have been allowed as deductions when paid for by the owner of a business who considers it necessary for the promotion of his product, Poletti v. Commissioner of Internal Revenue, 330 F.2d 818 (8 Cir. 1964), and even the expenses of a safari have been allowed as a proper promotion expense of a corporation, Sanitary Dairy Farms, Inc. v. Commissioner, 25 T.C. 463 (1955).

curred in carrying on *the taxpayer's* trade or business. The trade or business of Dana Brown was that of being a corporate employee. Noland v. Commissioner of Internal Revenue, supra; Folker v. Johnson, 230 F.2d 906 (2 Cir. 1956). The duties of that position concerned formulation of advertising programs and not assumption of the expense of same. As explained in Mertens:

> "It is well established that where the expenses are those of the employer they are not deductible by the employee paying them, even though he may not be reimbursed. A clear policy of the employer requiring the employee to make these expenditures is helpful in establishing the right to the deduction." 4 Mertens, Law of Federal Taxation, § 25.12, p. 73.

And further:

> "[T]he general rule is that for an expense to be deductible as a business expense it must be paid or incurred in connection with the carrying on of a trade or business of the taxpayer. Implicit therein is the assumption that if the expense is paid or incurred by the taxpayer in connection with the carrying on of a trade or business of someone else, such expense is generally not deductible by anyone, even though the taxpayer receives a benefit from incurring such expense." 4 Mertens, supra, § 25.12, pp. 66–67.

As Dodd v. Commissioner of Internal Revenue, 298 F.2d 570, 578 (4 Cir. 1962), points out:

> "If the taxpayer * * * were permitted to deduct, as his personal business expenses, the expenses which were clearly those of the corporation and incurred by reason of its operation, the principle of tax law recogniz-

ing the corporate entity would be seriously violated."[5]

In conclusion, we find the taxpayer has failed to sustain his burden of proof that the expenses were "ordinary and necessary" to afford deductibility under § 162.

Judgment affirmed.

J. Rogers, 18 T.C.Memo 866 (1959); Coplon v. Commissioner of Internal Revenue, 277 F.2d 534 (6 Cir. 1960); Heidt v. Commissioner of Internal Revenue, 274 F.2d 25 (7 Cir. 1959) [stating taxpayer cannot "convert the employer's right to a deduction into a right of his own."].

---

5. Where expenses are deducted which it was not necessary for the employee to undertake because of the availability of reimbursement, it has also been held that the deduction must be denied. William C. Stolk, 40 T.C. 345 (1963); Horace E. Podems, 24 T.C. 21 (1955); Eugene