Samuel F. Patterson v. Commissioner.
Patterson v. Commissioner
Docket No. 4307-65.
United States Tax Court
T.C. Memo 1971-234; 1971 Tax Ct. Memo LEXIS 99; 30 T.C.M. (CCH) 1003; T.C.M. (RIA) 71234; September 13, 1971, Filed *99 The petitioner was an elementary schoolteacher in a Los Angeles public school and during the year at issue incurred expenses which he attempted to deduct under various sections of the Code. Held, on remand, the petitioner is entitled to no deductions in excess of those allowed or conceded by the respondent. Samuel F. Patterson, pro se, P.O. Box 11162, Kearny Station, Los Angeles, Calif.Joel A. Sharon, for the respondent. HOYT
Supplemental Memorandum Findings of Fact and Opinion HOYT, Judge: Our original opinion in this case, T.C. Memo. 1968-132, was filed by the Court on June 27, 1968, and on that date we entered our decision that there was "a deficiency in income tax due from the petitioner for the taxable year ended December 31, 1963, in the amount of $510.97." The case is now before this Court on remand from the United States Court of Appeals for the Ninth Circuit, to which an appeal was taken by the petitioner. See Patterson v. Commissioner, 436 F. 2d 359, filed on January 12, 1971. The deficiency in our original proceeding resulted from the respondent's determination that the petitioner was not entitled to most of 244 separate items claimed as deductions. The deductions taken *100 by the petitioner totaled $2,676.16, and the respondent disallowed $2,126.36 of that amount. Since the amount determined by the respondent to be allowable ($549.80) was less than the standard deduction provided for by section 141 [1] ($791.70), the respondent allowed the standard deduction in computing the deficiency. We upheld the respondent's determination. It was our view that the petitioner's evidence, which consisted solely of his own testimony, was vague and unconvincing and that it failed to establish the deductible nature of the payments in most instances and, further, was totally inadequate to substantiate the many items in question. In its opinion, the Ninth Circuit Court of Appeals observed that the Commissioner had made certain concessions before that court and that the taxpayer stated he had receipts and other documents, withheld from this Court, to substantiate his claimed deductions. In view of these facts, the Court of Appeals reversed and remanded the case in order for the petitioner herein to "be granted leave to produce, in the Tax Court, acceptable evidence that he made the claimed expenditures, *101 supplementing the presently inadequate proof" and to provide the Tax Court with the opportunity "for further consideration of the pertinent issues." 1004 Pursuant to the remand, a further trial in this case was held on May 19, 1971, and May 26, 1971, at which hearing the evidence presented consisted of a stipulation of facts, oral testimony, exhibits, and a document called a "Supplemental Stipulation of Facts," containing concessions made by the respondent. Memorandum briefs have been filed by the parties. As a result of certain evidence presented to the respondent in various conferences with the petitioner, the parties have stipulated "that adequate proof of payment of various items claimed as deductions on petitioner's 1963 income tax return has been furnished to the respondent." Thus the substantiation of these amounts is no longer at issue before this Court. In addition the parties have stipulated that in connection with petitioner's stay in Boston and in connection with his studies at Boston University petitioner incurred expenses of $884.13 for meals, lodging, transportation and miscellaneous items. [2] These expenses are no longer an issue in the case, the Commissioner having *102 conceded that, if proved, they are deductible as business expenses. Respondent has also conceded that all of the items claimed as deductions by the petitioner on his 1963 income tax return are deductible items, except for items in the total amount of $1,183.94 which remain in dispute. These items not conceded by respondent are listed by him as follows: Respondent concedes that all the items claimed as deductions on the schedules attached to petitioner's income tax return for 1963 are deductible except for the following: Item No.
Nature of Item
Amount
Repayment of Loans
June 18
Boston University pay. ed.
loan
$ 200.00
Jan. 24
Payment ed. loan, T.A.
Patterson, Jr.
100.00
Medical Expenses
Apr. 16
Blue Cross Hosp
6.38
May 30
Blue Cross Hosp
6.38
June 28
Blue Cross Hosp
6.38
Oct. 6
Blue Cross Hosp
6.38
Nov. 23
Blue Cross Hosp
6.38
Dec. 25
Blue Cross Hosp
6.38
May 16
Hexol, 4-Way Cold, Micrin,
Selzer, Kidney Pills
5.09
May 21
Burn Ointment, Floss, Kid-
ney Pills
2.67
June 11
Band-aids, listerine, lysol
sprays
4.00
June 13
Oral lozenges and oral deo-
dorant
1.57
June 17
Micrin
.98
July 4
Omega Oil (sore muscles)
1.09
July 7
Sucrets, Miseptine, Ban,
Crest
3.01
July 14
Amitone, Doan's Pills,
Omega Oil
3.25
Aug. 3
Medical, colonic treatment
15.00
Aug. 6
Flea and mite spray powder
2.47
Aug. 9
Mi-Septine
.79
Sept. 9
Dental work
7.50
Dec. 7
Footpowder, band aids,
seltzer, hexol, listerine,
lysol spray, magnesia
tabs
7.33
Dec. 11
Hexol, micrin, doans pills,
lysol spray
5.93
Gifts to Individuals
Jan. 7
Mr. A. Moore (birth of
child)
13.10
Feb. 8
Family of man killed on
San Pedro
2.50
Jan. 23,
Feb. 6, &
Mar. 1
Class radios
232.98
June 4
Class Radios - E. J. Gindi
138.00
Dec. 20
Class Christmas Present
(Books)
65.52
Capital Items
Mar. 5,
Apr. 14,
May 24 &
June 26
Chord Organ radio - phono-
graph
188.25
Dec. 15,
Dec. 21
T.V. and T.V. Converter
85.40
Miscellaneous
Mar. 6,
May 28
Watch repairs
9.38
May 26,
July 10
Alarm clocks
16.65
Dec. 13
Two pr. shoes
26.00
Dec. 4
Staff Christmas cards 7.20
Total $1,183.94
*103 The Findings of Fact which we made in our original opinion in this case are incorporated into this opinion by reference. Based on the evidence now before us, we supplement our earlier findings [3] as follows: Supplemental Findings of Fact Some additional facts have been stipulated, and they are incorporated herein by this reference. 1005 During the year 1963, the petitioner, Samuel F. Patterson, traveled to Boston, Massachusetts, in connection with his studies at Boston University directed at obtaining a doctorate. He stayed in Boston, pursuing his course of study, from July 4 through August 29, 1963, for a total of 57 days, and he incurred various expenses totaling $884.13 which the respondent has now conceded should be allowed. On January 24, 1963, the petitioner repaid to his brother, T. A. Patterson, r., the sum of $100, which T. A. Patterson, Jr. had lent to the petitioner in a year prior to 1963 for the petitioner's education expenses. On June 18, 1963, the petitioner repaid to Boston University the sum of $200, which Boston University, *104 pursuant to the National Defense Student loan program, had lent to the petitioner in 1961 for his education expenses. The proceeds of both of these loans (the Patterson loan and the Boston University loan) were expended by the petitioner in years prior to 1963. During 1963, the petitioner made six payments of $6.38 each for Blue Cross hospitalization insurance to cover potential personal medical expenses. He was not required by his employer to subscribe to and pay premiums on his Blue Cross policy. His employer did expect him, however, to keep himself "in good physical and mental condition." The other "medical expenses" listed in the chart above, reflecting payments made by the petitioner from May 16, 1963 through December 11, 1963, were essentially expenditures for the petitioner's personal toiletries, medications, and treatments, and the use made of the toiletries and medications by the petitioner's students was, at most, minimal, if any. On January 7, 1963, the petitioner made a gift of $13.10 to A. Moore on the occasion of the birth of his child. On February 8, 1963, the petitioner made a gift of $2.50 to the family of a man who had been killed "on [sic] San Pedro." Although the *105 petitioner claims to have made the gifts for "public relations" purposes, the payments in question had no connection with the carrying on of the petitioner's profession as a teacher. Listed in the charts above under "Gifts to Individuals" are transistor radios and books which the petitioner voluntarily purchased and gave to the students in his class during 1963 at a total cost to the petitioner of $436.50 ($370.98 for the radios and $65.52 for the books). The petitioner did not request or expect the return of these items, placed no conditions or restrictions on their use, and did not require that they be used in the classroom. Petitioner was under no requirement to make these purchases, and he was not reimbursed. The petitioner's generosity grew out of his desire to improve the lives of the disadvantaged children in the community, and to enhance his own reputation and image as a leader there. While he did not provide the radios and books primarily as teaching tools (he intended them principally as gifts), he was nevertheless hopeful that the radios would help the students to keep abreast of current events and would serve as an aid in the teaching of civics and social studies. He felt *106 that the books, which he gave as Christmas presents, would strengthen the students' personal development in terms of an improved cultural identity. During the year 1963, the petitioner purchased, for use in his classroom, a chord organ, a radio-phonograph, a television set, and a U.H.F. converter at a total cost to the petitioner of $273.65. The radio-phonograph was used in connection with the teaching of music appreciation and physical education. The television equipment was used by the students to view educational programming. At the end of the school year in June, these items were stored by the petitioner at his school or at home, and they were returned to the classroom in September. These items continued to be used in petitioner's classroom until they stopped functioning at some undisclosed time. At such time, subsequent to the year at issue, the equipment was discarded or removed to some undisclosed place in the community. While in the classroom, the equipment was subject to some abuse by the children and, as a result had a useful life of only five years. [4] *107 The miscellaneous expenditures listed in the chart above, which were made by the petitioner for watch repairs, alarm clocks, shoes and Christmas cards were personal expenses of the petitioner which bore no 1006 more relationship to the carrying on of his profession as a teacher than other personal expenses of similar nature do in other professional occupations. Opinion The issues before us in this case concern the deductibility of certain expenditures made by the petitioner. These expenditures have been substantiated to the respondent's satisfaction, and he has eliminated the substantiation issue that we dealt with in our earlier opinion, T.C. Memo. 1968-132. The disputed items which remain in issue are still in controversy only because of respondent's determination that they are not deductible as ordinary and necessary business expenses under section 162 or under any other section of the *108 Code. Petitioner contends that he is entitled to deduct the disputed items under section 162 as business expenses. The parties have stipulated some of the relevant and pertinent facts but the only other evidence before us consists of several documents introduced into evidence by petitioner and his unsubstantiated, generally vague and confused testimony as to theories and reasons why the disputed deductions should be allowed. His testimony was marked by evasion and lack of candor and was contradictory in many respects. Having observed his demeanor on the witness stand and having reviewed the entire record herein, including the testimony at trial and the further testimony taken at the hearings on remand, we do not regard his evidence as convincing or persuasive in many respects. Petitioner has the burden of proving error in respondent's determination and of establishing his right to the disputed deductions under some provision of the Internal Revenue Code. This he has failed to do as will be hereinafter discussed. In 1963, the petitioner paid his brother $100 and Boston University $200. He claimed these amounts as deductions in his 1963 return. These amounts constituted partial repayments *109 of loans made to the petitioner in earlier years. The proceeds of the loans had been expended by the petitioner for educational purposes in years prior to the year at issue. Accordingly, the petitioner's payments of $100 and $200 are not deductible in 1963, the year in which the loan was repaid. "[the] general rule is that when a deductible payment is made with borrowed money, the deduction is not postponed until the years in which the borrowed money is repaid." William J. Granan 55 T.C. 753, 755 (1971). Petitioner has not established that he is entitled to these deductions for 1963. The petitioner's claimed deduction of six payments of $6.38 each for Blue Cross hospitalization insurance cannot be allowed as a business expense under section 162 since there is nothing in the record which in any way would show these payments to be "ordinary and necessary expenses" incurred in carrying on the petitioner's business. Clearly, his employer's expectation that all teachers should keep themselves in good health is inadequate to establish the deductibility of the payments. With regard to the amounts spent by the petitioner during 1963 on his personal toiletries, medications, and treatments, *110 we again have not been shown how these items may be properly deducted under section 162. See, in this connection, section 262, which provides that "[except] as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." Almost all of these items were used by petitioner personally and any use by his pupils was de minimis. We conclude that these expenses were personal in nature and not business related. As such, they are not properly deductible. Medical expenses are, of course, deductible under section 213, but many of the expenditures in question (e.g., payments for various toiletries) may not properly be classified as "expenses paid * * * for medical care." In any event, it is clear that the petitioner's expenditures for all of these items, which cost less than $100 in total, cannot be deducted under section 213 because they do not exceed 3 percent of his adjusted gross income, as required by that section. [5] *111 In January of 1963, the petitioner made a gift of $13.10 to A. More on the birth of his child, and in February of that year, he gave $2.50 to the family of a man who had been killed. There is no evidence 1007 whatever before us as to who these donees were or what connection they had, if any, with petitioner, or his school or his students. The petitioner had not established the deductibility of either of these items, either under section 170 or under section 162. Section 170(a) allows deductions for charitable contributions made during the taxable year. Section 170(c) defines a charitable contribution by designating specific groups of recipients. Individual beneficiaries are not to be found within the included groups. Private charity, representing the benevolence of one individual to another, does not qualify for a deduction. Section 170; S. E. Thomason, 2 T.C. 441, 443 (1943); Fred Dohrmann, Jr., 18 B.T.A. 66 (1929). Under section 162, a deduction is permitted for "ordinary and necessary expenses" of a taxpayer's business. The evidence before us *112 does not show the "ordinary and necessary" nature of the two payments in question. We have found that these payments by the petitioner had little, if any, relationship to the carrying on of his profession as a teacher. Since the petitioner has not supported his contentions as to the deductibility of his gifts of $13.10 and $2.50, the respondent's determination with respect thereto must be upheld. During the year in question, the petitioner purchased transistor radios and books and gave them to the students in his class. It is clear that the petitioner's outlays for these items are not deductible as charitable contributions under section 170. As we pointed out above, such private charity is not deductible. However, we must resolve whether the expenditures in question are deductible under section 162. As we have indicated above, the deduction under section 162 must be an "ordinary and necessary" expense incurred by the taxpayer in carrying on his trade or business. The taxpayer's expenditure must be directly or proximately related to the conduct of such trade or business. See Alexander P. Reed, 35 T.C. 199, 202 (1960), and the cases cited therein, and section 1.162-1(a), Income Tax Regs. *113 And if the expenditure is one that is made by an employee, the taxpayer should establish that his expense was "essential to the continuance of his employment." Noland v. Commissioner, 269 F. 2d 108 (C.A. 4, 1959), affirming a Memorandum Opinion of this Court, certiorari denied 361 U.S. 885 (1959). See also Schmidlapp v. Commissioner, 96 F. 2d 680 (C.A. 2, 1938).[6]
We are not convinced by the record that the petitioner's gifts of radios and books were either "ordinary" (i.e., normal, usual or customary, given the specific circumstances [7] *114 ) or "necessary" (i.e., appropriate and helpful [8] ) expenses of petitioner's business. Furthermore, we have not been shown how these expenditures were directly or proximately related to the carrying on of his profession as a schoolteacher. What the record does disclose is that the petitioner placed no conditions or restrictions on the use of the radios and books and that he did not expect them to be returned. He did not require that they be used in the classroom; they were not provided primarily as teaching tools nor were they so utilized. Furthermore, the petitioner was not directed or requested by his employer to make these purchases (cf. Schmidlapp v. Commissioner, supra), and, even if he were, it is not clear whether the expenses were related to his own trade or business or to that of his employer. See Brown v. Commissioner, 446 F. 2d 926 (C.A. 8, August 3, 1971), affirming a Memorandum Opinion of this Court and see Mertens, Law of Federal Income Taxation (1966 Rev.), Vol. 4, section 25.12. The record does not contain any suggestion that these expenditures by the petitioner were in any way related to the receipt or amount of his salary or to the retention of his job. While the petitioner may have hoped for or expected indirect *115 educational benefits to them from the use by the students of the radios and books, we do not believe that such hopes or expectations are adequate to establish the required direct 1008 and proximate relationship between the making of the purchases and the carrying on of the petitioner's trade or business. The petitioner was desirous of making gifts to his disadvantaged students, and, while he is deserving of considerable commendation for having done so, we are unable to conclude that a section 162 deduction is appropriate under the circumstances of this case. [9] The expenditures were personal in nature and, hence, were nondeductible pursuant to section 262. The petitioner, during 1963, purchased a chord organ, a radio-phonograph, a television set, and a UHF converter for use in his classroom. He retained ownership and control over the use and enjoyment of these items for several years, and he never donated or gave this equipment to the school. On brief, the respondent does not argue that these expenditures were not business related. Instead, he takes the position that they were capital in nature and that the items purchased had a useful *116 life of more than one year. On the record we have found that they had a useful life of five years. Deductions, therefore, would be spread out over a five-year period under section 167. The record, as reflected in our findings, supports the view that the expenditures were capital, and in the absence of adequate evidence from the petitioner concerning useful life, we have accepted the respondent's estimate and concession of five years. Finally, we are unable to allow the petitioner's deductions for watch repairs, alarm clocks, shoes, and Christmas cards. He wore the watch and shoes, used the clocks and personally sent the cards to friends and associates. The petitioner has not established to our satisfaction how these items were related to the carrying on of his profession as a teacher, other than coincidentally, and such inadequacies in the evidence must of necessity work to the petitioner's detriment. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32 of the Rules of Practice of this Court. We hold that the purchases of these items were personal expenses of the petitioner within the purview of section 262 and were not deductible. To reflect the conclusions stated herein and the concessions *117 made by the respondent, Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩
2. The parties have agreed and stipulated (1) that the petitioner's expenditures for lodging while in Boston were in the total amount of $130.25 and not $137.04, as claimed on the return, and (2) that, in addition to the amounts claimed on the return, the petitioner expended, while in Boston, $285 for meals (57 days at $5 a day) and $57 for local transportation (57 days at $1 a day).↩
3. To the extent that the findings herein may be inconsistent with our earlier findings, our current findings shall, of course, take precedence.↩
4. Respondent states on brief that "[whether] the equipment falls within the guideline category of Office Equipment - communications equipment (10 years) or Electrical Equipment-electronic equipment (8 years) is insignificant in view of the fact that its use and occasional abuse by children students will significantly shorten its anticipated life-span." He then concedes that these items had an estimated useful life of 5 years.
5. The petitioner's adjusted gross income in 1963 was $7,917, and 3 percent of that amount is $237.51. Note that Public Law 89-97, which amended section 213 to provide taxpayers with a deduction of one-half of medical insurance premiums up to $150, without regard to the 3 percent limitation, was not effective until taxable years beginning after December 31, 1966.
6. In Mertens, Law of Federal Incometaxation (1966 Rev.), Vol. 4A, section 25.100, it is stated (at page 376) that an employee's expenses are deductible "where they have a direct bearing on the amount of his compensation * * *. " See also Harold A. Christensen, 17 T.C. 1456 (1952), and Robert G. Fairburn, T.C. Memo. 1969-77. Compare Rev. Rul. 70-599, 1970-2 C.B. 172↩.
7. See Deputy v. DuPont, 308 U.S. 488, 493-496 (1940); Welch v. Helvering, 290 U.S. 111 (1933); Robert Lee Henry, 36 T.C. 879, 884 (1961); Louis Boehm, 35 B.T.A. 1106↩ (1937). 8. See Robert Lee Henry, supra, and Donald G. Graham, 35 T.C. 273↩ (1960).
9. See also Jack B. Wheatland, T.C. Memo. 1964-95↩.