SAMUEL F. PATTERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patterson v. Commissioner
Docket Nos. 6799-75, 585-76.
United States Tax Court
T.C. Memo 1977-107; 1977 Tax Ct. Memo LEXIS 338; 36 T.C.M. (CCH) 484; T.C.M. (RIA) 770107; April 11, 1977, Filed Samuel F. Patterson, pro se. Michael R. McMahon, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioner's 1972 and 1973 *339 Federal income tax in the respective amounts of $1,830.65 and $1,914.22. The sole issue presented for our decision is whether, for each year at issue, petitioner is entitled to certain claimed trade or business deductions under section 162. [1]
FINDINGS OF FACT None of the facts have been stipulated. Petitioner Samuel F. Patterson (hereinafter petitioner) resided in San Francisco, California, at the time his petitions herein were filed. [2] Petitioner filed his 1972 and 1973 Federal income tax returns with an Internal Revenue Service office in California, but we are unable to determine the exact location of such office from the record before us. *340 During the years at issue, petitioner was employed as a public schoolteacher and administrator by the San Francisco Unified School District. From January to June 1972, petitioner served as assistant principal at the Starr King Elementary School, and from September to December of that year he taught fourth and fifth grades at the Anza Elementary School. From February to June 1973, petitioner was assigned to the Jefferson Elementary School and from September to December of that year to the Bret Harte Elementary School. On his 1972 return, petitioner claimed trade or business deductions totaling $4,092.40, and on his 1973 return, he deducted numerous additional expenses amounting to $10,983.16. In his notices of deficiency, respondent, inter alia, disallowed these claimed deductions for failure to qualify under section 162 and for lack of substantiation. [3]
OPINION On his 1972 and 1973 returns, *341 petitioner claimed hundreds of miscellaneous expenditures as business deductions under section 162. [4] At trial, petitioner attempted to introduce into evidence receipts tending to substantiate these various expenditures. We denied admission to the vast majority of such receipts either because petitioner had not the faintest notion of the specific item covered thereby or because the expense was so clearly personal and non-business related as to make any further consideration on our part superfluous. We admitted into evidence a few receipts which were related to expenses that were either clearly deductible or that we thought merited further consideration. On brief, respondent has conceded, and we so hold, that the following items are deductible by petitioner under section 212(3) [5] as expenses paid in connection with the determination, collection or refund of tax: [6] Item
Amount
Year
Ace-Federal Reporters, Inc.
(Tax Court transcript)
$ 90.64
1972
Photocopying
17.10
1972
Photocopying
6.25
1972
Mail receipt
.67
1972
Docket and record processing
fees, Court of Appeals,
9th Circuit
67.00
1972
Attorney fees (Donald D.
Cummins)
200.00
1972
Attorney fees (Donald D.
Cummins)
1,000.00
1973
Photocopying
13.60
1973
*342 The remaining claimed deductions that we felt warranted further consideration are related to (1) repairs made to petitioner's tape recorder, (2) the purchase of film and batteries for his camera, (3) the purchase of a coin purse, (4) the payment of student field-trip expenses, (5) the purchase of safety patrol badges, (6) the purchase of icecream cups, and (7) the purchase of a baby contest ticket.
We hold that petitioner has not carried his burden of proving that these expenses are allowable as deductions under section 162. First, he has failed to show to our satisfaction that the purchases of the coin purse, the ice-cream cups, and the baby contest *343 ticket were directly related to the conduct of his trade or business as a public schoolteacher/administrator. Sec. 1.162-1, Income Tax Regs. Further, petitioner was quite vague and evasive when questioned as to the extent to which his tape recorder and camera were used for business purposes, and we must conclude that these items were used primarily by petitioner for his personal pleasure. Accordingly, his claimed deductions for repairs and the purchase of film and batteries are denied. Sec. 262. [7]
Finally, respondent argues that petitioner had a fixed right to reimbursement from the school district for the expenses he incurred for the student field trips and the safety patrol badges and, therefore, he should not be allowed to deduct such expenses under section 162. Patchen v. Commissioner,27 T.C. 592 (1956); Hearn v. Commissioner,36 T.C. 672 (1961). Respondent's contention is correct. We were less than impressed with petitioner's general and conclusory *344 testimony on this point which attempted to show that the school district did not have sufficient funds with which to repay him. He admitted that he never sought reimbursement for these items, and it is well-settled that an employee may not convert his employer's expenses into his own simply by neglecting to file for payment of his reimbursable expenses. Stolk v. Commissioner,40 T.C. 345, 356 (1963), affd. per curiam 326 F. 2d 760 (2d Cir. 1964); Podems v. Commissioner,24 T.C. 21, 22-23 (1955). Accordingly, his claimed deductions for these amounts are likewise denied. In conclusion, we must admit to a lack of sympathy with this petitioner. This is by no means his first appearance before this Court. On two prior occasions, involving the years 1963 through 1966, [8] he has unsuccessfully claimed deductions for hundreds of claimed expense items that could not have conceivably qualified under section 162. Petitioner is an educated man. He has had the requirements regarding business expense deductions explained to him many times by representatives of the Internal Revenue Service and by Judges of this Court during the prior trials. *345 Nevertheless, he has continued to claim deductions for items which he can no longer recall or which have not the slightest connection with the pursuit of his trade or business. We can only hope that in the future he would apply to the preparation of his Federal income tax returns the same intelligence and dedication that he devotes to his teaching profession. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. Petitioner filed separate petitions for years 1972 and 1973. On April 15, 1976, respondent moved that the two docketed cases be consolidated. On May 5, 1976, petitioner filed a notice of objection to such consolidation, and on May 19, 1976, a hearing was held on this matter. After due consideration of petitioner's oral and written arguments, we granted respondent's motion and ordered that docket Nos. 6799-75 and 585-76 be consolidated for trial, briefing and opinion.↩
3. Respondent made certain other adjustments for the years at issue.The petitions filed with this Court failed to assign error to these other adjustments and, therefore, petitioner is deemed to have conceded these issues. Rule 34(b)(4), Tax Court Rules of Practice and Procedure.↩
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *↩
5. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- * $ *
(3) in connection with the determination, collection, or refund of any tax. ↩
6. Such expenses, being as they are deductible under section 212 and unrelated to the production of rents and royalties, are deductible as itemized deductions in arriving at net taxable income and not as deductions from gross income. Sec. 62.↩
7. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
8. Patterson v. Commissioner,T.C. Memo. 1968-132, revd. and remanded 436 F. 2d 359 (9th Cir. 1971), on remand T.C. Memo. 1971-234; and Patterson v. Commissioner,T.C. Memo. 1972-82↩.