THOMAS E. LESSLIE and MARY PARKS S. LESSLIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lesslie v. Commissioner
Docket No. 802-76.
United States Tax Court
T.C. Memo 1977-111; 1977 Tax Ct. Memo LEXIS 333; 36 T.C.M. (CCH) 495; T.C.M. (RIA) 770111; April 14, 1977, Filed Thomas E. Lesslie, pro se. William S. Patterson, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $95 in petitioners' Federal income tax for 1972. The issue is whether petitioners in that year made a nondeductible $500 gift to an individual or a deductible contribution in that amount to a missionary organization operated by the Presbyterian Church. FINDINGS OF FACT Petitioners Thomas E. Lesslie *334 and Mary Parks S. Lesslie, husband and wife, were legal residents of Charlotte, North Carolina, when their petition was filed.They filed a joint Federal income tax return for 1972 with the Southeast Region Service Center, Chamblee, Georgia. On December 26, 1972, petitioner Mary Parks S. Lesslie issued a check for $500 payable to the North Carolina National Bank (hereinafter bank), making a notation thereon that it was for "Bank check, Pres. missions." Petitioners instructed an officer of the bank to issue and mail a bank check to Reverend Charles C. Alexander (Alexander), who was then serving as a missionary in Fortaleza, Brazil, under the auspices of the Presbyterian Church. The bank was told to inform Alexander that the check was to be used for the Presbyterian mission work but was requested not to disclose that the funds were provided by petitioners. The check was sent to Alexander in accordance with petitioners' instructions. Alexander was a friend and former neighbor of petitioners' and had been pastor of their church. Having learned of Alexander's missionary work in Brazil, they were concerned about the needs of the people among whom he was working and they wished to assist *335 in meeting those needs. Petitioners did not make the contribution as a means of augmenting Alexander's stipend or salary but rather as a donation to the missionary effort in which Alexander, under the auspices of the Presbyterian Church, was engaged. On their income tax return for 1972, petitioners claimed a charitable contribution deduction in the amount of $500, labeled "Presbyterian Missions." Respondent disallowed the deduction apparently on the theory that the contribution was made to an individual rather than to a charitable organization. OPINION Section 170(a) of the Internal Revenue Code of 1954, as amended, provides that there shall be allowed as a deduction any "charitable contribution" payment of which is made within the taxable year. Code section 170(c) defines a "charitable contribution" to mean, insofar as is here pertinent, a contribution or gift "to or for the use of" a corporation, fund, or foundation organized and operated exclusively for religious purposes. We think the disputed gift meets this definition. While the trial record does not cover all the fine details, it shows unmistakably that petitioners anonymously made a gift *336 for use in mission work conducted under the auspices of the Presbyterian Church.The check was made payable to Alexander, but it was not a gift to him personally. At petitioners' direction, the bank was instructed to tell him that the money was to be used "for the Presbyterian mission work" in Fortaleza, Brazil. Thus, the money was not to be used for Alexander's personal use or even at his discretion but was to be used in carrying out the mission work of the Presbyterian Church. In substance, petitioners contributed the funds to the Church and Alexander received the funds as its agent or representative. The gift, therefore, meets the requirements of section 170(a) and (c) of the Code. The cases relied upon by respondent are not apposite. In Bowles v. Commissioner,1 B.T.A. 584 (1925), the gift was made to and for the benefit of an individual. In Dohrmann v. Commissioner,18 B.T.A. 66 (1929), the gifts were made to individuals after investigation by a welfare worker in the taxpayer's employ who handled the funds. In Winn v. Commissioner,67 T.C. 499 (Dec. 20, 1976), money was deposited in an individual's bank account and there *337 was no evidence that it was ever under the control of an exempt organization. In the instant case, as pointed out above, the bank, at petitioners' direction, transmitted the funds to Alexander, the Presbyterian Church's representative in Brazil, with instructions that they were to be used "for the Presbyterian mission work" in Fortaleza. We conclude that the $500 was not given to Alexander for his personal use or even for his individual use in mission work. It was contributed "to or for the use of" the Presbyterian Church in carrying out its mission work. We reiterate the words of this Court in another case involving analogous facts: "It seems to us that respondent has chosen the wrong case to be puristic in his effort to collect the sovereign's revenue." Peace v. Commissioner,43 T.C. 1, 8 (1964). Decision will be entered for the petitioners.