SAMUEL F. PATTERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patterson v. Commissioner
Docket Nos. 164-78, 165-78.
United States Tax Court
T.C. Memo 1979-362; 1979 Tax Ct. Memo LEXIS 162; 39 T.C.M. (CCH) 82; T.C.M. (RIA) 79362; September 10, 1979, Filed *162 Petitioner was a public school teacher and administrator. On his returns for 1974 and 1975, petitioner claimed "business" deductions for the total amount shown on 132 and 97 pages, respectively, of cash register tapes, receipts, bills, cashier checks, and similar documents, photocopies of which were attached to the returns. Held: Petitioner failed to prove error in respondent's determination that the claimed deductions are not allowable as trade or business expenses; certain amounts allowed under sections 164 and 212(3), I.R.C. 1954. Held further: Petitioner failed to prove error in respondent's assertion of an addition to tax for negligence (sec. 6653(a), I.R.C. 1954). Samuel F. Patterson, pro se. G. J. Beaudoin, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and an addition to tax under section 6653(a)[1] (negligence) against petitioner as follows: Addition to
Docket No.
Year
Deficiency
Tax
164-78
1974
$2,807.53
$140.38
165-78
1975
4,180.00
0
The *163 cases have been consolidated for trial, briefs, and opinion. The issues for decision are as follows: (1) Whether respondent erred in disallowing deductions claimed by petitioner for business expenses, and (2) Whether respondent erred in asserting the five-percent negligence addition to tax for 1974 under section 6653(a). [2]
FINDINGS OF FACT The parties stipulated orally to certain exhibits; the oral stipulations and the stipulated exhibits are incorporated herein by this reference. When the petitioners in these cases were filed, petitioner resided in San Francisco, California. During 1974 and 1975, petitioner was employed as a teacher and administrator by the San Francisco Unified School District--a unit of California's public school system. During 1974, he was employed at the Bret Harte Intermediate *164 School and at the Monroe Intermediate School. During 1975, he was employed as an assistant principal at the Monroe Intermediate School and at the Commodore Sloat Primary School. On his income tax returns for 1974 and 1975, petitioner claimed amounts of $8,228.38 and $14,683.51, respectively, as itemized deductions labelled "business" on the Miscellaneous Deductions portion of Schedule A; he deducted these amounts in computing adjusted gross income for each of the years. Attached to the 1974 and 1975 returns are approximately 132 and 97 pages, respectively, of photocopies of cash register tapes, receipts, bills, cashier checks, and similar documents. In the notices of deficiency, respondent disallowed all of these deductions. On brief, respondent concedes that petitioner is entitled to deduct, under section 212(3), $27.72 for 1974 and $36.39 for 1975. Petitioner did not seek reimbursement from the school district for any of his claimed deductible expenditures. Petitioner's employer did not require him to make any of the expenditures for which he claimed deductions as business expenses. In 1974, $1,086.56 was withheld from petitioner's wages, as California State income tax. In *165 1974, petitioner paid at least $92.31 in State and local sales taxes. In 1975, petitioner paid at least $0.50 (in addition to the $36.39 conceded by respondent) in connection with the determination of tax. Petitioner has been before this Court in Patterson v. Commissioner,T.C. Memo. 1977-107, on appeal (CA9 October 31, 1977); Patterson v. Commissioner,T.C. Memo. 1972-82; Patterson v. Commissioner,T.C. Memo. 1968-132, revd. and remanded 436 F.2d 359 (CA9 1971), on remand T.C. Memo. 1971-234. In each of these cases, petitioner claimed deductions similar to those claimed in the instant cases; the deductions were disallowed for several reasons, including the personal nature of the expenses, the lack of connection with petitioner's trade or business, the failure of petitioner to show the "ordinary and necessary" nature of the expenses, and petitioner's right to reimbursement for expenses related to his school responsibilities. OPINION I. DEDUCTIONS
Petitioner claims he is entitled to deduct, as expenses of his trade or business as a public school teacher and administrator, amounts aggregating more than half his salary from that occupation. He attached to his Federal individual *166 income tax returns for the two years before the Court an aggregate of about 230 pages of photocopies of cash register tapes, receipts, bills, cashier checks, and similar documents. Respondent maintains that petitioner has failed to establish (1) the necessary business nexus, (2) that the expenses are other than petitioner's personal or living expenses, and (3) that petitioner could not have been reimbursed by his employer for his expenses. We agree with respondent as to most of the claimed deductions. Deductions are allowed under section 162 [3] for the taxpayer's ordinary and necessary expenses in carrying on a trade or business, including the trade or business of an employee. E.g., Mc Gowan v. Commissioner,67 T.C. 599, 611, 612 (1976). However, under section 262, [4] *167 personal expenses are not deductible. Section 262 takes precedence over section 162. Sharon v. Commissioner,591 F.2d 1273 (CA9 1978), affg. 66 T.C. 515, 522-523 (1976). Whether an expenditure is directly related to a trade or business and whether it is ordinary and necessary generally are questions of fact. Commissioner v. Heininger,320 U.S. 467, 475 (1943). Respondent's determinations in the notice of deficiency are presumed to be correct and petitioner has the burden of showing that these determinations are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent asserts, and we agree, that if a taxpayer is entitled to reimbursement from his employer for an expenditure made in connection with his status as an employee, no trade or business expense deduction is allowed. Heidt v. Commissioner,274 F.2d 25 (CA7 1959), affg. a Memorandum Opinion of this Court; [5]Kennelly v. Commissioner,56 T.C. 936, 943 (1971), affd. without opinion 456 F.2d 1335 (CA2 1972); Stolk v. Commissioner,40 T.C. 345, 356 (1963), affd. per curiam 326 F.2d 760 (CA2 1964); Podems v. Commissioner,24 T.C. 21, 22-23 (1955). The burden is on petitioner to prove that he *168 was not entitled to reimbursement; this he has not done. Fountain v. Commissioner,59 T.C. 696, 708 (1973). Petitioner has failed to show that he has satisfied all of his relevant burdens with respect to any claimed trade or business item. Indeed, it is not clear that petitioner has shown that he has satisfied any burden with respect to any trade or business item. Petitioner has chosen to rely on what may be termed the "shoebox method" of attaching photocopies of numerous cash register tapes and of similar bits of paper to his returns, without making any effort on the returns or on brief, and only a slight effort in oral testimony, to link any item to a deductible trade or business expense transaction. Petitioner appears to have wholly ignored the admonitions made by this Court on the previous occasions when he sought similar deductions. Petitioner claims that respondent disallowed the ordinary and necessary business expense deductions because petitioner "is a member of a racial minority and a member of a specific professional group." An examination of petitioner's tax returns in evidence in these cases makes it apparent that these returns were selected for *169 audit with good cause. No evidence appears, nor is there even a basis for speculation, that racial or professional discrimination figured in the matter at all. Petitioner claims to be exempt from Federal income taxation because he "was engaged in a California state function/activity. It was essential and governmental in nature, and guaranteed by the Constitution. These expenditures are immune from Federal taxes." Petitioner relies on several opinions which themselves were based on Collector v. Day,78 U.S. (11 Wall.) 113 (1870). This doctrine of tax exemption of compensation of state officials is no longer the law. Graves v. New York,306 U.S. 466, 486 (1939); Helvering v. Gerhardt,304 U.S. 405 (1938). State employees are subject to Federal income taxation on their State salaries. E.g., Boyer v. Commissioner,69 T.C. 521, 535 (1977); Feistman v. Commissioner,63 T.C. 129, 133 (1974). Petitioner claims exemption from Federal income tax because he is "part of a non-profit educational institution which * * * is entitled to tax exemption for education purposes." Petitioner's status as an employee of a public school system does not result in exempting his income from tax. As indicated *170 above, such people may pay deductible trade or business expenses, but petitioner has failed to show, on this record, that he is entitled to such deductions. Petitioner states that respondent failed to show that petitioner's receipts and documents "were false or counterfeit" or that petitioner could have been reimbursed by his employer for any of the claimed expenses. The burden of proof of these matters is on petitioner. This was explained to petitioner by the Court in pretrial conference and at the trial herein; it was also explained to petitioner in the three other proceedings brought by the same petitioner in this Court relating to similar deductions claimed for prior taxable years. Petitioner has failed to bear his burden of proof; the burden of proof was not on respondent with respect to petitioner's claimed trade or business expense deductions. The W-2 form attached to petitioner's 1974 Federal individual income tax return shows that petitioner's employer withheld $1,086.56 in California State individual income tax. Respondent appears to have accepted the accuracy of the W-2 form as to petitioner's salary and Federal individual income tax withheld. Respondent has not suggested *171 that the California income tax item on the form is incorrect. We conclude that petitioner is entitled to deduct, under section 164(a)(3), $1,086.56 for 1974. Respondent has not allowed any deduction for State or local sales taxes for 1974. Examination of the material attached to petitioner's 1974 return convinces us that petitioner paid at least $92.31 in State and local sales taxes in 1974. We hold that petitioner is entitled to deduct $92.31 under section 164(a)(4). Cohan v. Commissioner,39 F.2d 540 (CA2 1930). On brief, respondent conceded the deductibility, under section 212(3), of items on certain of the photocopies attached to petitioner's returns for the years before us. Examination of these photocopies indicates that an item on one of the 1975 photocopies shows $11.70 of deductible expenditures, instead of the $11.20 conceded by respondent. We hold that, in addition to the amounts conceded by respondent as deductible expenses under section 212(3), $0.50 is allowable as a deduction under section 212(3) for 1975. II. NEGLIGENCE ADDITION TO TAX
Respondent asserted an addition to tax under section 6653(a)[6] in the amount of $140.38 with respect to petitioner's income *172 tax return for 1974. The burden is on petitioner to prove that the underpayment was not due to negligence or intentional disregard of respondent's rules and regulations. E.g., Estate of Campbell v. Commissioner,56 T.C. 1, 14 (1971). Petitioner has failed to introduce any evidence or to offer any argument supporting his contention, made in his petitions, that respondent erred in determining that the addition to tax under section 6653(a) applies. We conclude that section 6653(a) does apply. * * *
We note that petitioner has filed another petition before the Court (Docket No. 1004-79). Since the parties are once again to be litigants, it may be appropriate to make a few comments. Petitioner's actions, *173 on his returns, on his petitions, in preparing for trial, at trial, and on brief, come close to deliberately ignoring the law. This surely does not stem from ignorance, for petitioner clearly is intelligent and reasonably well-learned, and these matters have been explained to him on the many previous occasions he has chosen to have his days in this Court. In the instant cases, respondent shows signs of attempting to match obduracy for obduracy. The deficiency notice for 1974 ignored the withheld California income tax, even though the deficiency notice for 1975 made the appropriate adjustment to allow the 1975 withholding. Respondent's answers to the petitions for each year denied "knowledge or information sufficient to form a belief in the truth of the allegations" that petitioner is an individual, that he filed Federal individual income tax returns for the years in question, or even that deficiencies had been determined by respondent. Surely by the time the cases were set for trial respondent should have had sufficient knowledge or information to form such beliefs. Respondent, relying essentially on petitioner's apparent history of recalcitrance, made little or no attempt to *174 stipulate as to matters not fairly in dispute, such as petitioner's status as a California resident at the time the petitions in these cases were filed. We strongly urge petitioner to review and heed our comments in this opinion and in the prior opinions of this Court in this petitioner's cases. We strongly urge both parties, if they intend to litigate in this Court, to review their obligations under the Internal Revenue Code and under the Tax Court Rules of Practice and Procedure. To take account of respondent's concessions and our determinations, Decisions will be entered under Rule 155. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
2. The adjustments to petitioner's claimed medical expense deductions are described in the notices of deficiency as having been made because of the adjustments to petitioner's adjusted gross incomes (petitioner had deducted his business expenses in computing adjusted gross income). We do not understand the parties to be otherwise in disagreement as to the allowable medical expense deductions.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In Generall.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
5. T.C. Memo. 1959-31↩.
6. SEC. 6653. FAILURE TO PAYTAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩