T.C. Summary Opinion 2013-74

UNITED STATES TAX COURT

MORGAIN MARY MCGOVERN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8632-12S.                    Filed September 19, 2013.

Morgain Mary McGovern, pro se.

<u>Mayah Solh</u> and <u>Christopher Richmond</u>, for respondent.

SUMMARY OPINION

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section
7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant
to section 7463(b), the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,823 deficiency in petitioner's Federal income tax for 2009. The deficiency resulted from disallowance of deductions petitioner claimed for employee business expenses. The issue for decision is whether petitioner has substantiated any expenses in excess of the $5,700 standard deduction allowed in the statutory notice. All section references are to the Internal Revenue Code in effect for 2009, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in California when she filed her petition. During 2009, petitioner was an actress, a writer, and a college student. She was a stand-in for a character known as Garcia on the television show "Criminal Minds". She earned wages of $24,909 from this employment. She also received $1,313 in taxable unemployment compensation during 2009.

In 2003, petitioner began writing a book about her experiences growing up. During 2009, she traveled to Little Rock, Arkansas, New Orleans, Louisiana, and Austin and Houston, Texas, to visit and to interview her parents and her sisters in relation to her book. Respondent concedes that petitioner's writing activity is a business.

On her 2009 Form 1040, U.S. Individual Income Tax Return, petitioner claimed total itemized deductions of $20,131, including $19,207 on Form 2106, Employee Business Expenses, relating to her occupation as an actress. The amounts claimed included $9,286 in vehicle expenses, $1,585 in travel expenses, $2,107 in cellular telephone expenses, $766 in meals and entertainment expenses (reduced by 50% to $383), $188 for admissions to theaters, and $231 for computer expenses. Petitioner did not maintain records of the time, place, and business purpose of the foregoing expenses. Some of the vehicle expenses were reimbursed by her employer. Petitioner also claimed other expenses as employee expenses, but they were actually related to her occupation as a writer. Petitioner did not keep records separating the employee expenses from her other business expenses.

Petitioner also claimed as business expenses items including makeup and beauty expenses, wardrobe expenses, and laundry and cleaning expenses. She claims that these expenses were necessary because of the unique dress and makeup of the character Garcia. The record does not allow a finding as to whether and what amount of expenses were for items not suitable for personal use as well as business use.

Petitioner claimed union dues, "head shots", acting and dancing lesson expenses, and "promotion and development expenses"--all potentially deductible employee business expenses. However, the amount of substantiated expenses is much less than $5,700, the standard deduction for 2009 that was allowed in the statutory notice.

On her 2009 tax return, petitioner claimed $198 as a refundable education credit under section 25A(i). That credit was allowed in the statutory notice.

## Discussion

The first time this case was set for trial, it was continued so that petitioner could collect and produce records substantiating the deductions that she claimed on the Form 2106 attached to her 2009 tax return. When the case was called for trial over three months later, petitioner appeared and produced hundreds of disorganized documents that she had not previously presented to respondent. Some of the records she produced indicated that she had been reimbursed by her employer for vehicle and travel expenses. She included medical records, but they are not relevant to any deduction claimed on the tax return. Some of the expenditures reflected in the records are inherently personal. Many were for years other than 2009. Some appear duplicative, and some directly contradict each other. They do not satisfy applicable rules.

At the Court's direction, respondent filed a posttrial brief discussing the deductibility of the various items and the adequacy of the offered substantiation. Respondent concluded that any deductible items were in total less than the standard deduction that petitioner had been allowed.

Petitioner was directed to file an answering brief addressing specific categories of deductions. Instead of relating particular exhibits to particular deductible categories in her brief, she repeated her claims that all of the disputed expenses were related to her employment and supported by the disorganized documents. She did not respond to respondent's specific analysis of the documents and explanation of the applicable Code sections. Overall petitioner argues that she should be given special leeway because she obviously incurred deductible expenses and the amount of the deficiency is small. The rules for substantiation, however, apply to all taxpayers. We reiterate the applicable rules for her benefit in reporting her correct tax liabilities in future years.

Petitioner has the burden of establishing her entitlement to deductions. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), aff'g T.C. Memo. 1972-133. Petitioner has not satisfied the conditions for shifting the burden to respondent under section 7491(a)(1). See sec. 7491(a)(2)(A) and (B) (providing

that a taxpayer must comply with the substantiation and recordkeeping requirements of the Internal Revenue Code, as well as cooperate with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews).

Generally, a taxpayer must keep records sufficient to establish the amounts of the items reported on her Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. Personal expenses are not deductible. Sec. 262. Neither the IRS nor the Court can reasonably be expected to comb through disorganized records and guess which relate to the deductions claimed on petitioner's tax return. See Patterson v. Commissioner, T.C. Memo. 1979-362, 39 T.C.M. (CCH) 82, 84 (1979) (disapproving the "shoebox method" of recordkeeping).

A taxpayer may deduct unreimbursed employee expenses as an ordinary and necessary business expense under section 162. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). The expenses must be directly or proximately related to the taxpayer's trade or business. Deputy v. du Pont, 308 U.S. 488, 493-495 (1940); sec. 1.162-1, Income Tax Regs. An employee's trade or business would be the earning of her compensation, and, generally, only those expenses that are related to the continuation of employment are deductible. Noland v. Commissioner, 269 F.2d

108, 111 (4th Cir. 1959), aff'g T.C. Memo. 1958-60.  A trade or business expense deduction is not allowable to an employee to the extent that the employee is entitled to reimbursement from an employer.  Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.  Along with other miscellaneous itemized deductions, unreimbursed employee expenses are subject to the 2% limitation of section 67(a).

Deductions with respect to "listed property" described in section 280F(d)(4), such as vehicles, computers, and cellular telephones during 2009, are subject to special substantiation rules under section 274(d).  Records must be maintained to allocate business and personal use.  Petitioner admits that she made no effort to allocate among her employment, her writing, and her other activities, professional and personal, because it was all the same to her.

To deduct expenses incurred for travel, including meals and lodging while away from home, and for entertainment, a taxpayer must satisfy the heightened and strict substantiation requirements of section 274(d).  Section 274(d) disallows deductions for traveling expenses, including meals and lodging, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) the amount of such expense; (2) the time and place such expense was incurred; and (3) the business purpose for which such

expense was incurred.  See sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  Adequate records must be prepared or maintained such that a record of each element of an expenditure or use that must be substantiated is made at or near the time of the expenditure or use when the taxpayer has full present knowledge of each element.  See sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985).  In the alternative, each element of an expenditure or use must be established by the taxpayer's own written or oral statement "containing specific information in detail as to such element" combined with corroborative evidence to establish such element.  Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).  For expenses subject to the heightened requirements of section 274(d), neither a taxpayer nor the Court may estimate otherwise permissible deductions.  See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).  Petitioner failed to satisfy these standards.  Her generalized claim of business-related travel does not entitle her to unsubstantiated deductions.

Entertainment expenses must be shown to relate directly to the taxpayer's business.  Sec. 274(a).  A direct relationship requires "more than a general expectation of deriving some income or other specific trade or business benefit

* * * at some indefinite future time".  Sec. 1.274-2(c)(3)(i), Income Tax Regs.

Petitioner has failed to explain how her expenditures for theater tickets, meals and

entertainment, and Netflix satisfy this standard.

Expenses relating to clothing, dry cleaning, and personal beauty items are

deductible only if they are "not suitable for general or personal wear and not so

worn".  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958).  Neither

petitioner's records nor her testimony tied specific items of expense to the type of

clothing and related items that would not be suitable for everyday wear.  To the

extent that items cannot be tied to petitioner's job with "Criminal Minds", her

arguments about the uniqueness of Garcia are not persuasive.

With respect to other business expenses, in the absence of reliable records

we may approximate the amount of deductible expense.  See Cohan v.

Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, we must have

sufficient evidence upon which to make a reasonable estimate.  See Vanicek v.

Commissioner, 85 T.C. 731, 742-743 (1985).  In an attempt to identify potentially

deductible items, respondent carefully reviewed the records petitioner produced.

Even assuming that some were deductible, the total is less than the standard

deduction that petitioner was allowed.  Petitioner failed to substantiate any

deductions that would otherwise be allowed as business expenses relating to her writing activity and not subject to the 2% limitation.

At trial petitioner argued that she should be entitled to deduct the cost of her college courses and related expenses, and some of the records she produced suggest that she had claimed those expenses as employee business expenses. Education expenses are considered ordinary and necessary business expenses only if the education maintains or improves skills required by the taxpayer in her employment, or meets the express requirements of the taxpayer's employer imposed as a condition for the taxpayer's continued employment, status, or rate of compensation. Sec. 1.162-5(a), Income Tax Regs. Petitioner testified that she attended a community college three-quarters or possibly full time, took online courses, and hoped to get into UCLA. Her testimony suggests that these expenses related to a general and nondeductible education. See, e.g., Weiszmann v. Commissioner, 52 T.C. 1106, 1109-1111 (1969), aff'd per curiam, 443 F.2d 29 (9th Cir. 1971). She did not show that these expenses were ordinary or necessary business expenses.

Petitioner claimed and was allowed a section 25A credit attributable to tuition and other education expenses. Section 222, relating to deduction of qualified tuition and related expenses, specifically provides:

SEC. 222.  QUALIFIED TUITION AND RELATED EXPENSES.

(c) No Double Benefit.--

(1) In general.--No deduction shall be allowed under subsection (a) for any expense for which a deduction is allowed to the taxpayer under any other provision of this chapter.

(2) Coordination with other education incentives.--

(A) Denial of deduction if credit elected.--No deduction shall be allowed under subsection (a) for a taxable year with respect to the qualified tuition and related expenses with respect to an individual if the taxpayer or any other person elects to have section 25A apply with respect to such individual for such year.

Even if payment of such expenses had been substantiated, petitioner would not be entitled to a double benefit for them.

For the reasons explained above, petitioner is not entitled to any deductions in excess of the $5,700 standard deduction that she has been allowed.

To reflect the foregoing,

Decision will be entered

for respondent.