T.C. Memo. 2016-68

UNITED STATES TAX COURT

TRACIA CALLENDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25348-12.                    Filed April 18, 2016.

After examining P's returns for 2009 and 2010, R disallowed all or most of the miscellaneous itemized deductions she claimed for those years.

<u>Held</u>:  P failed to substantiate the expenses underlying the miscellaneous itemized deductions she claimed for 2009 and 2010 in excess of the amounts allowed by respondent.

<u>Held</u>, <u>further</u>, I.R.C. sec. 6662(a) accuracy-related penalty for 2010 sustained.

<u>Tracia Callender</u>, pro se.

<u>James P.A. Caligure</u> and <u>Peggy J. Gartenbaum</u>, for respondent.

**[*2]**       MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  Respondent determined deficiencies of $2,909 and

$15,025 in petitioner's 2009 and 2010 Federal income tax, respectively, and an

accuracy-related penalty of $3,005 for 2010.  After concessions by the parties, we

must decide (1) whether petitioner is entitled to miscellaneous itemized deductions

of $15,119 and $12,200 for 2009 and 2010, respectively, in excess of the amounts

respondent allowed and (2) whether petitioner is liable for a section 6662(a)

accuracy-related penalty on her underpayment of tax for 2010.  Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect for the

years in issue, and all Rule references are to the Tax Court Rules of Practice and

Procedure.  We round all dollar amounts to the nearest dollar.

FINDINGS OF FACT

When petitioner filed her petition in this case, she resided in Brooklyn, New

York.

Petitioner's Employment

Petitioner was employed by Queens Legal Services Corp. (QLS) from June

2000 until September 30, 2009.  Her final position at QLS was senior staff

attorney.  On February 1, 2010, petitioner began work as a trial attorney for the

[*3] State of New York Unified Court System. Between 2007 and 2011, petitioner worked on a case in Albany, New York, that was unrelated to her employment and for which she received no compensation.

Petitioner's Injuries and Workers' Compensation Claim

Petitioner was treated for leg and knee sprains in March 2009 and was "able to perform * * * [her] usual work" by August 31, 2009. In September 2009, petitioner filed workers' compensation claims against QLS that she agreed to withdraw as part of an agreement and release with QLS dated October 26, 2010. The agreement does not describe the nature of any injuries underlying the withdrawn claims.

Petitioner's 2009 and 2010 Federal Income Tax Returns

On her Federal income tax return for 2009, petitioner reported adjusted gross income of $37,906 and no taxable income or tax liability. On her 2010 return, she reported adjusted gross income of $53,641, no taxable income, and tax liability of $1,832 attributable to a qualified plan distribution.

In computing her tax liability for 2009 and 2010, petitioner claimed miscellaneous itemized deductions of $19,580 and $14,237, respectively. On her 2010 return, petitioner also claimed the following deductions:

| [*4]        Deduction | Amount |
|---|---|
| Schedule A--Mortgage interest | $36,709 |
| Schedule C | 33,243 |
| Schedule E--Auto and travel | 6,700 |
| Schedule E--Management fees | 1,200 |
| Schedule E--Legal and professional | 1,100 |
| Schedule E--Commissions | 1,100 |

At trial, petitioner submitted spreadsheets captioned "Job Expenses and Miscellaneous Deductions". Each spreadsheet lists individual expenditures, grouped by category. The subtotals for each category are as follows:

| Category | 2009 | 2010 |
|---|---|---|
| Bar dues and admissions, fees, expenses, and continuing legal education expenses | $3,302 | $1,896 |
| Travel | 1,942 | 28 |
| Car expense | 2,495 | 2,315 |
| Gas | 587 | 751 |
| Parking | 1,254 | 361 |
| Car expense--Sirius radio | 245 | -0- |
| Supplies | 5,560 | 3,521 |
| Post office/Federal Express | 147 | 167 |
| Fee for background check for courts | -0- | 75 |

| | | |
|---|---|---|
| [*5] Food | 1,432 | 533 |
| Repair work bag | 35 | -0- |
| Internet service | 546 | 549 |
| Telephone | 1,875 | 2,247 |
| Union dues | 1,041 | -0- |
| TurboTax | 118 | 141 |
| Attorney's fees | 1,730 | 950 |
| Total | 22,309 | 13,534 |

At trial, petitioner claimed that the expenses listed above related to her employment, but she did not explain individual expenditures in detail. She admitted that some of the expenses related to the Albany case and that she had mistakenly failed to attach a Schedule C, Profit or Loss From Business, to her returns reporting income and expenses of her own legal practice.

Respondent's Adjustments

After examining petitioner's returns, respondent disallowed all of the miscellaneous itemized deductions petitioner claimed for 2009 and 2010 other than the $1,041 of union dues that petitioner deducted for 2009. Respondent allowed $12,237 of the mortgage interest deduction claimed by petitioner on her 2010 Schedule A, Itemized Deductions, but disallowed the remaining $24,472. Respondent also disallowed the deductions petitioner claimed on her 2010

**[\*6]** Schedule E, Supplemental Income and Loss, for auto and travel expenses, management fees, legal and professional fees, and commissions. On the basis of these and other adjustments, respondent determined that petitioner's corrected tax liability is $2,909 and $16,457 for 2009 and 2010, respectively.

The Parties' Concessions

At trial, respondent conceded that, for each of the two years in issue, petitioner could deduct the bar dues and continuing legal education expenses she reported and the amounts she paid for tax return preparation software. Petitioner conceded that, for 2010, she was not entitled to deduct the $24,472 of Schedule A mortgage interest respondent disallowed, the $33,243 of Schedule C expenses she reported, or the Schedule E expenses that respondent disallowed.

OPINION

I.    Substantiation

A.    Burden of Proof

In general, the taxpayer bears the burden of proof. See Rule 142(a). Section 7491(a)(1), however, may shift the burden of proof to the Commissioner if, among other things, the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner's requests for witnesses, information, documents, meetings, and interviews. See sec.

**[*7]** 7491(a)(2)(A) and (B).  A taxpayer seeking to shift the burden of proof under section 7491(a)(1) has the burden of showing that she has satisfied the paragraph (2) preconditions.  E.g., Allnutt v. Commissioner, T.C. Memo. 2004-239, 2004 WL 2339813, at *4.

Petitioner has failed to establish her compliance with the record maintenance requirement that is a prerequisite to shifting the burden of proof to respondent.  Accordingly, petitioner bears the burden of proof.

B.      Petitioner's Entitlement to the Claimed Deductions

In general, section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Because any employee is engaged in the business of earning his pay, expenses related to a taxpayer's employment and not reimbursed by the employer have long been deductible under section 162 and its predecessors.  E.g., Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959) ("[E]very person[] who works for compensation is engaged in the business of earning his pay, and that expense which is essential to the continuance of his employment is deductible under * * * [the predecessor of section 162].") aff'g T.C. Memo. 1958-60.  When called upon by the Commissioner, a taxpayer must substantiate his expenses.  See, e.g., Park v. Commissioner, T.C. Memo. 2012-279, at *4; see also sec. 6001; sec.

[*8] 1.6001-1(a), Income Tax Regs.  Moreover, some expenses, including those relating to travel, meals, and entertainment, are subject to heightened substantiation requirements.  See sec. 274(d).

Petitioner has failed to carry her burden of substantiating the expenses underlying the miscellaneous itemized deductions she claimed in excess of the amounts respondent allowed.  At trial, she described the amounts in issue only in general terms but did not provide supporting documentation for each item or establish how it was related to her employment.  Moreover, she admitted that she had incurred some of the claimed expenses in connection with a case that was unrelated to her employment and for which she received no compensation.  Thus, in regard to the amount remaining in issue for each year, petitioner has failed to establish both the fact of the expenditures themselves and that any such expenditures were ordinary and necessary business expenses.  In Patterson v. Commissioner, T.C. Memo. 1979-362, 1979 Tax Ct. Memo LEXIS 162, at *7, we considered the case of a taxpayer who had "chosen to rely on what may be termed the 'shoebox method' of attaching photocopies of numerous cash register tapes and of similar bits of paper to his returns, without making any effort on the returns or on brief, and only a slight effort in oral testimony, to link any item to a deductible trade or business expense transaction."  We concluded that the taxpayer in

**[*9]** Patterson failed to carry his burden of substantiating trade or business items. See also Dowell v. United States, 522 F.2d 708, 714 (5th Cir. 1975) (holding that section 274(d) requires substantiation of the amount, date, place, business purpose, and business relationship of each and every expenditure). Petitioner's position is similar to that of the taxpayer in Patterson. Therefore, we sustain respondent's disallowance of the deductions in issue.

II.    Accuracy-Related Penalty

Section 6662(a) and (b)(1) provides for an accuracy-related penalty of 20% of the portion of an underpayment of tax attributable to negligence or disregard of rules and regulations. Section 6662(a) and (b)(2) provides for the same penalty on the portion of an underpayment of tax attributable to "[a]ny substantial understatement of income tax." Section 6662(d)(2)(A) defines the term "understatement" as the excess of the tax required to be shown on the return over the amount shown on the return as filed. In the case of an individual, an understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). An understatement is reduced, however, by the portion attributable to the treatment of an item for which the taxpayer had "substantial authority". Sec. 6662(d)(2)(B)(i). Section 6664(c)(1) provides an exception to the imposition of the section 6662(a)

[*10] accuracy-related penalty if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith.

The Commissioner bears the burden of production with respect to penalties. See sec. 7491(c). To meet that burden, he must produce evidence regarding the appropriateness of imposing the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The taxpayer's concessions may be taken into account in determining whether the Commissioner has met that burden. Oria v. Commissioner, T.C. Memo. 2007-226, 2007 WL 2318367, at *4. Once the Commissioner carries his burden of production, the taxpayer bears the burden of proving that she is entitled to relief because of substantial authority or under section 6664(c)(1). See Higbee v. Commissioner, 116 T.C. at 446.

A.     Substantial Understatement

The deficiency respondent determined for petitioner's 2010 taxable year far exceeded 10% of the total corrected tax liability shown on the notice of deficiency (which amount, in turn, is greater than $5,000). It appears unlikely that the

[*11] concessions respondent made will reduce petitioner's understatement below the substantiality threshold.[1]

In any event, because we find that petitioner's underpayment for 2010 is attributable to negligence, the section 6662(a) accuracy-related penalty applies to that underpayment regardless of whether it is also attributable to a substantial understatement of income tax within the meaning of section 6662(d)(1)(A).

B.     Negligence

Section 1.6662-3(b)(1), Income Tax Regs., provides that "negligence" includes a "failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return."  See also Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967) ("Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances."), aff'g in part, remanding in part 43 T.C. 168 (1964), and T.C. Memo. 1964-299.  A "failure * * * to keep adequate books and records or to substantiate items properly" also constitutes negligence.  Sec. 1.6662-3(b)(1), Income Tax Regs.

---

[1]Petitioner makes no argument that her deduction of the amounts respondent disallowed or any of the positions she conceded were supported by substantial authority.

[*12] Petitioner conceded at trial that she was not entitled to $67,815 of deductions that she claimed on her 2010 return. Respondent has shown that petitioner failed to keep adequate books and records to substantiate the expenses underlying those miscellaneous itemized deductions she claimed on her 2010 return that remained at issue after concessions. Petitioner's failure to substantiate the expenses underlying the deductions in issue and her admission before trial of the impropriety of other deductions both evidence negligence. See id. Thus, we conclude that respondent has met his burden of production in regard to the accuracy-related penalty he determined.

C.     Reasonable Cause

Although petitioner does not specifically invoke the reasonable cause defense of section 6664(c)(1), she does ask, in one of the issues identified in her opening brief, whether alleged injuries and offenses she suffered are "sufficient for penalties not to apply". In addition, she claims to have "relied on turbo tax expert CPAs in good faith."

In determining whether a taxpayer's underpayment is attributable to negligence, "we must take into account th[e] taxpayer's mental and physical condition and sophistication with the tax laws during the time that the return was filed." Gray v. Commissioner, T.C. Memo. 1982-392, 1982 Tax Ct. Memo LEXIS

**[\*13]** 350, at \*16. Thus, "[p]roof of mental incapacitation or disability" can support a finding of reasonable cause. <u>Carnahan v. Commissioner</u>, T.C. Memo. 1994-163, 1994 WL 135342, at \*3, <u>aff'd</u>, 70 F.3d 637 (D.C. Cir. 1995).

Although petitioner's brief describes hardships she claims to have suffered that, in her view, should relieve her of liability for the penalty respondent determined, she failed to present evidence that would support her claim. Her opening brief did not propose numbered findings of fact with citations to the record, as Rule 151(e)(3) requires. Moreover, we find nothing in the record that would support her claim of reasonable cause on the basis of her physical and mental condition when she filed her 2010 return. The record provides evidence only that petitioner was treated for leg and knee sprains in March 2009 and was "able to perform \* \* \* [her] usual work" by August 31, 2009. The other hardships petitioner alleges on brief (which, unlike leg and knee sprains, might support a finding of reasonable cause) are not documented in the record.

In some circumstances, a taxpayer's reliance on a competent and experienced accountant in the preparation of the taxpayer's return may constitute reasonable cause and good faith. <u>See, e.g.</u>, <u>Weis v. Commissioner</u>, 94 T.C. 473, 487 (1990); <u>see also</u> <u>Westbrook v. Commissioner</u>, 68 F.3d 868, 881 (5th Cir. 1995), <u>aff'g</u> T.C. Memo. 1993-634. By contrast, in <u>Bunney v. Commissioner</u>, 114

[*14] T.C. 259 (2000), we rejected a taxpayer's argument that his use of a tax software program to prepare his return should excuse him from the accuracy-related penalty. As we observed in that case: "Tax preparation software is only as good as the information one inputs into it." Id. at 267.

In sum, the evidence before us fails to demonstrate that the errors petitioner made in the preparation of her 2010 return were attributable to reasonable cause and that she acted in good faith. Petitioner thus failed to carry her burden of showing that she is entitled to relief under section 6664(c)(1). Therefore, we sustain respondent's determination that the section 6662(a) penalty applies to petitioner's underpayment for 2010.

III.   Conclusion

For the reasons explained above, we conclude that petitioner (1) is not entitled to deduct the miscellaneous itemized deductions she claimed for 2009 and 2010 in excess of the amounts respondent allowed and (2) is liable for the section 6662(a) accuracy-related penalty on her underpayment of tax for 2010.

Decision will be entered under

Rule 155.